| | | |
|---|---|---|
| **LIRETTE NEVILLE, INDIVIDUALLY AND ON BEHALF OF HER LATE SON, TRISTEN EDGERSON (D)** | * | **NO. 2024-CA-0305** |
| | * | |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | **FOURTH CIRCUIT** |
| | * | |
| **LCMC HEALTH HOLDINGS, INC. D/B/A EAST JEFFERSON GENERAL HOSPITAL AND MICHAEL C. GREIB, M.D.** | * | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

CONSOLIDATED WITH:                    CONSOLIDATED WITH:

LIRETTE NEVILLE, INDIVIDUALLY AND            NO. 2024-CA-0611
ON BEHALF OF HER LATE SON,
TRISTEN EDGERSON (D)

VERSUS

LCMC HEALTH HOLDINGS, INC. D/B/A
EAST JEFFERSON GENERAL HOSPITAL
AND MICHAEL C. GREIB, M.D.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-10574, DIVISION "E"
Honorable Omar Mason, Judge

\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Nakisha Ervin-Knott, Judge
Monique G. Morial)


Nelson W. Wagar, III
Sarah Wagar Hickman
WAGAR HICKMAN, LLC
1401 West Causeway Approach
Mandeville, LA 70471

    COUNSEL FOR PLAINTIFF/APPELLANT

C. William Bradley, Jr.
Richard S. Crisler
L. David Adams
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**MARCH 12, 2025**

*DLD*
*NEK*
*MGM*

In this medical malpractice case, the plaintiff, Lirette Neville, individually and on behalf of her late son, Tristen Edgerton, appeals the trial court's dismissal with prejudice of her action against the defendants, University Healthcare System, L.C. f/k/a LCMC Health Holdings, Inc. d/b/a East Jefferson General Hospital and Michael Greib, M.D.  For the reasons that follow, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

On March 26, 2021, Mr. Edgerson, who was 23 years old at the time, presented to the East Jefferson General Hospital Emergency Room with abdominal complaints including symptoms of nausea, vomiting, cramps and pain.  Mr. Edgerson received a workup for these complaints, including an abdominal CT scan, which did not reveal any acute GI abnormality.  While in the emergency department, at some unspecified time, Mr. Edgerson developed headaches, visual changes, and an inability to urinate, as well as other symptoms.

1

Mr. Edgerson was administered epinephrine, which caused a rapid rise in blood pressure and a drop in the level of oxygen saturation. Mr. Edgerson was intubated and placed on mechanical ventilation after being noted to be obtunded. A CT scan showed a brain hemorrhage. Emergency neurosurgery was performed at 7:15 a.m. on March 27, 2021, and revealed a midline cerebellar hematoma with mass effect, brainstem compression, and obstructive hydrocephalus with a prognosis of a poor chance of survival. Mr. Edgerson was confirmed as not having any brain activity/function following surgery, but he was not pronounced dead until March 30, 2021.

Ms. Neville filed a claim for medical malpractice against Dr. Greib and LCMC on September 12, 2023. The defendants filed an exception of no cause of action/immunity on November 28, 2023. Since the treatment provided took place during the period of a public health emergency (Covid) declared by Governor Jon Bel Edwards, effective March 11, 2020 and continuing in effect until March 16, 2022, the defendants argued that the provisions of LHEPA, Louisiana Health Emergency Powers Act, La. R.S. 29:760 *et seq.*, apply to this action, making defendants immune from liability except in the event of gross negligence or willful misconduct. Following a hearing on February 2, 2024, the trial court granted the exception, but gave the plaintiff thirty days from the date of hearing to supplement and amend her petition. The judgment was signed on February 8, 2024.

On February 7, 2024, the plaintiff filed a motion for new trial on the basis that one of the cases cited by the defendants had been overruled.[1] The defendants opposed the motion on the grounds that the case had been reversed on other reasons. The motion for new trial was heard and denied by the trial court on April 11, 2024, but once again the trial court granted the plaintiff thirty days to amend her petition. A written judgment was issued on April 15, 2024. However, the plaintiff did not amend her petition but instead filed a motion for a devolutive appeal on April 18, 2024 (2024-CA-0305).

On June 28, 2024, the defendants filed an *ex parte* motion to enforce the judgment and to dismiss as the plaintiff did not amend her petition within the thirty-day period provided by the trial court.[2] On July 2, 2024, the trial court granted the motion and dismissed the plaintiff's lawsuit against the defendants with prejudice. Thereafter, the plaintiff filed a second appeal (2024-CA-0611), appealing the dismissal of her lawsuit.

**DISCUSSION**

This consolidated appeal is procedural in nature. The trial court's February 8, 2024 judgment did not dismiss the plaintiff's action but granted her thirty days to amend her petition to sufficiently allege gross negligence or willful misconduct, if any. The trial court's April 15, 2024 judgment denying the plaintiff's motion for

---

[1] *Terry v. Notre Dame Health System*, 23-68 (La. App. 4 Cir. 10/31/23), 374 So.3d 221; *reversed and remanded*, 23-01582 (La. 2/6/24), 378 So.3d 728.

[2] Even if the plaintiff's initial appeal in 2024-CA-0305 been an appealable final judgment on its own accord, a devolutive appeal, by its nature, does not suspend the effect or execution of the court's judgment. *See* La. C.C.P. art. 2087. Per La. C.C.P. art. 2088 (A)(7), during the pendency of an appeal, the trial court retains jurisdiction to "[e]xecute or give effect to the judgment when its execution or effect is not suspended by the appeal."

3

new trial (which also again gave the plaintiff thirty days to amend her petition) became final as to the parties when the plaintiff failed to amend her petition. However, that judgment is not appealable. "[T]he denial of a motion for new trial is not a final appealable judgment." *Succession of Hickman*, 22-0730, p. 6 (La. App. 4 Cir. 3/15/23), 359 So.3d 584, 590. "This Court has long held that a judgment ordering a party to amend a pleading is not final or appealable, even where the judgment states that failure to amend shall result in the pleading's dismissal." *Universal Services & Associates, LLC v. Grundmeyer*, 23-0196, p. 3 (La. App. 4 Cir. 9/12/23), 372 So.3d 821, 824 (citations omitted). Furthermore, "a judgment ordering amendment of a pleading 'is incapable of being designated as final pursuant to [La. C.C.P.] art. 1915(B) because it does not rule, in whole or in part, on the merits of the suit and is at best, an interlocutory ruling.'" *Id.* at p. 4, 372 So.3d at 825 (citations omitted). Accordingly, Ms. Lirette's initial appeal (2024-CA-0305) was not appealable.

In the absence of an appealable judgment, it is not uncommon for this Court to convert an appeal to an application for supervisory writs. However, this Court exercises its discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs under two conditions:

> The motion for appeal has been filled within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal; and

> When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

4

*Id.* at p. 5, 372 So.3d at 825.

In the instant case, the first condition has been satisfied, as the motion for devolutive appeal was filed within thirty days of the district court's April 15, 2024 written judgment and notice of signing of judgment. Nevertheless, considering the procedural posture of this case with Ms. Lirette's second appeal (2024-CA-0611), there is not a compelling reason for this Court to invoke its supervisory jurisdiction under Ms. Lirette's initial appeal (2024-CA-0305).

Ms. Lirette did not file a separate brief in 2024-CA-0611, but simply adopted the same assignments of error and arguments that she raised in her initial appeal, 2024-CA-0305. As stated above, that action was not appealable and there was not a compelling reason for this Court to invoke its supervisory jurisdiction. Therefore, we will pretermit any discussion of the assignments of error raised by Ms. Lirette in 2024-CA-0305.

The trial court's July 2, 2024 judgment can only be appealed as to whether the trial court's actions therein were appropriate (2024-CA-0611) and not as to the underlying issues addressed in the initial appeal (2024-CA-0305) that Ms. Lirette filed. Accordingly, the only issue now before this Court is whether the trial court erred in granting the defendant's *ex parte* motion to enforce judgment and dismissing the plaintiff's case with prejudice. A trial court's ruling on a motion to enforce judgment is "limited to enforcing the original judgment as written." *Bates v. City of New Orleans*, 13-1153, p. 15 (La. App. 4 Cir. 3/26/14), 137 So.3d 774, 785.

Considering "the plaintiff's failure to file an amended petition within 30 days" of the April 15, 2024 judgment, the trial court granted the defendants' *ex parte* motion to enforce judgment and dismissed the plaintiff's action against the

5

defendants with prejudice.  It was proper for the trial court to grant the defendant's motion to enforce the judgment as the plaintiff had no right to her initial appeal as detailed above.  The defendants were entitled to the requested relief pursuant to the trial court's judgment of February 8, 2024, and the order granting the motion to enforce may be granted *ex parte* without contradictory hearing.  *See* La. C.C.P. art. 963.  Therefore, we find no error in the trial court's granting the motion to enforce and dismissing the plaintiff's action.

**CONCLUSION**

For the above and foregoing reasons, we affirm the trial court's granting of the defendant's *ex parte* motion to enforce judgment and to dismiss defendants, University Healthcare System, L.C. f/k/a LCMC Health Holdings Inc. d/b/a East Jefferson General Hospital, and Michael C. Greib, M.D.  Accordingly, we also affirm the trial court's dismissal with prejudice of Ms. Lirette's lawsuit against the defendants.

**AFFIRMED**

6